United States District Court
Southern District of Texas
**ENTERED**
January 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO MADRIGAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-340 |
| | § | |
| RUSSELL TRUST ASSOCIATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff filed this civil action *pro se* on October 31, 2017. (D.E. 1). The case was then referred to the undersigned Magistrate Judge for case management pursuant to 28 U.S.C. § 636. On November 21, 2017, the undersigned entered a Memorandum and Recommendation ("M & R") recommending this case be dismissed, which was adopted, after no objections were filed, on December 18, 2017. (D.E. 6 and D.E. 7). A final judgment was also entered on December 18, 2017. (D.E. 8). On December 27, 2017, Plaintiff filed a Notice of Appeal. (D.E. 11). The appeal currently remains pending before the United States Court of Appeals for the Fifth Circuit. (*Reynaldo Madrigal v. Russell Trust Ass'n et al*, Case No. 18-40008 (5th Cir. 2018)). Plaintiff also filed the pending Motion for Reconsideration on December 27, 2017. (D.E. 10). For the reasons

stated below, the undersigned respectfully recommends the Motion for Reconsideration be **DENIED**.[1]

I.  BACKGROUND

In his complaint, Plaintiff alleges Yale University's Skull and Bones Society possesses Pancho Villa's skull and further alleges the various Defendants, including the Russell Trust Association, George H.W. Bush, Willard Mitt Romney, and Yale University, are aware of the skull's presence on Yale's campus.  (D.E. 1, Page 4).  Plaintiff's requested relief is that Villa's skull be returned so that it may be buried with his body in Mexico City.  (D.E. 1, Page 4).

This Court found Plaintiff's complaint presented no issues of federal law as Plaintiff's requested relief-that Defendants be ordered to return stolen property-did not raise a federal claim.  (D.E. 6, Pages 3-4 and D.E. 7).  Further, this Court held that complete diversity was lacking because Plaintiff and one of the Defendants, George H.W. Bush, are both citizens of Texas and Plaintiff failed to allege a specific amount in controversy or facts from which the amount in controversy could be inferred.  (D.E. 6, Page 4 and D.E. 7).

---

[1] Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files a timely motion to alter or amend judgment under Fed. R. Civ. P. 59, the notice of appeal becomes effective only after "the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) (The timely filing of a Rule 59(e) motion 'suspends or renders dormant a notice of appeal" until the motion has been disposed of by the district court, without regard to whether the motion was filed before or after the notice of appeal).

## II. STANDARD

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  Because Plaintiff filed his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment and to prevail, the movant must show at least one of the following: 1) an intervening change in controlling law, 2) new evidence not previously available, 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## III. DISCUSSION

In his pending Motion for Reconsideration, Plaintiff argues he was not aware that he was given a deadline to file objections to the undersigned's November 21, 2017 Memorandum and Recommendation recommending this case be dismissed and he is entitled to his day in court because he paid the filing fee in this matter.  (D.E. 10, Pages 2,

3 and 6). Plaintiff further asserts federal question and/or diversity jurisdiction exists because he and at least one of the Defendants reside in different states. (D.E. 10, Page 4).

However, the Memorandum and Recommendation, which Plaintiff acknowledges he received, clearly provided Plaintiff with instructions on when to file objections. (D.E. 6, Page 6). Further, this Court must examine the basis of its own jurisdiction, regardless of whether Plaintiff has paid the filing fee or is proceeding *in forma pauperis*. As previously held, there is neither federal question nor diversity jurisdiction in this case. Therefore, Plaintiff has not stated any sufficient grounds for relief pursuant to Rule 59(e).

## IV. RECOMMENDATON

Accordingly, it is respectfully recommended that Plaintiff's Motion for Reconsideration be **DENIED**. (D.E. 10).

Respectfully submitted this 5th day of January, 2018.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).